IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLIFFORD BIRD, SR., | Cause No. CV 21-103-M-DWM |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN OF MONTANA STATE PRISON; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter comes before the Court on a petition filed by pro se state prisoner Clifford Bird, Sr., seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* As explained below, Mr. Bird's petition will be dismissed.

1

## I.    Motion to Proceed in Forma Pauperis

Mr. Bird seeks leave of the Court to proceed in forma pauperis but has not provided a copy of his Inmate Trust Account Statement.  See, (Doc. 3.)  The Court will take judicial notice of the fact that Mr. Bird was recently allowed to proceed without paying the filing in the Montana Supreme Court.  See, (Doc. 7 at 11.)[1] There is no reason to delay this matter; the motion to proceed in forma pauperis will be granted.

## II.    Background

The Montana Supreme Court has explained the procedural history of Mr. Bird's underlying criminal proceedings as follows:

> [O]n November 10, 2009, Bird received a six-year suspended sentence to Montana State Prison (MSP) for issuing bad checks by common scheme. The Seventh Judicial District Court, Dawson County, also ordered him to attend and complete its Drug Treatment Court. In May 2010, the Drug Treatment Court terminated Bird because of failure to appear, non-compliance, and failure to complete his programming, including his recommended in-house treatment at a treatment center in North Dakota. On September 21, 2010, the District Court sentenced Bird upon revocation to a six-year MSP sentence. Bird did not appeal.

> After sentencing, Bird remained in the Dawson County Correctional Facility. The State charged Bird with six offenses in February 2011, and in August 2011, the State amended the charges to three felonies, alleging criminal distribution of dangerous drugs with intent to distribute by accountability; transferring an illegal article by accountability; and

---

[1] See also, *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011)(proceedings, including orders and filing in other courts, including state courts, are the proper subject of judicial notice when directly related to the case).

2

transferring an illegal article by accountability, while he was incarcerated. On November 16, 2011, the District Court held a sentencing hearing, accepted Bird's guilty pleas, and sentenced Bird to concurrent, unsuspended MSP terms of seven years, three years, and thirteen months, respectively. This sentence was to run consecutively to his six-year MSP sentence upon revocation. Bird did not appeal his convictions or sentence.

*Bird v. Salmonsen*, OP 21-0220, 2021 WL 1991872, at *1 (Mont. May 18, 2021).[2]

On September 9, 2016, Mr. Bird was granted parole. (Doc. 7 at 7.) He stopped reporting to Probation and Parole in May of 2017. *Id*. Mr. Bird then absconded from probation for more than three years. *Id*. at 10. On April 20, 2021, following a hearing in front of the Board of Pardons and Parole, Mr. Bird's parole was revoked. *Id*.

In May of 2021, Mr. Bird filed a petition for writ of habeas corpus and a motion to vacate his sentences in the Montana Supreme Court.[3] There he alleged counsel provided ineffective assistance due to a purported conflict of interest. *Bird v. Salmonsen*, WL 1991872, at *1 Mr. Bird explained that his counsel in the original 2009 criminal case subsequently became the "head prosecuting attorney for Dawson County." *Id*. Bird believed a conflict existed because this same attorney represented then prosecuted him and his second defense counsel did not object. *Id*.

---

[2] Bird attached a copy of this Order to his Petition. See, Or. (Doc. 1-2 at 3-5.)
[3] See, *Bird v. Salmonsen*, OP 21-0220, Pet. (filed May 10, 2021). All state court filings available at Montana Supreme Court docket: https://searchcourts.mt.gov/ (accessed January 24, 2022).

The Montana Supreme Court held that Bird brought his claims via the wrong remedy. Any challenge, such as the claimed conflict of interest should have been brought on appeal. *Id.*, at *1, citing, *State v. Deschon*, 2002 MT 16, ¶ 18, 308 Mont. 175, 40 P. 3d 391. Additionally, because neither Bird nor counsel objected to the purported conflict, the challenge had been waived. Further, Bird failed to demonstrate that an actual conflict of interest existed under state law. *Id.*, citing *Deschon*, ¶ 18 (additional citations omitted). The Court also noted that it was the Deputy County Attorney, and not the Dawson County Attorney, that prosecuted Bird's 2011 criminal case. *Id.* Finally, the Court noted that Bird's claims were untimely. *Id.* at *2. Given that the Bird pled guilty to the offenses over a decade prior, he had since waived any constitutional claims. *Id.*, citing, *Gates v. Missoula Co. Comm'rs*, 235 Mont. 261, 262, 766 P. 2d 884, 884-85 (1988). Bird failed to demonstrate his incarceration was illegal; the petition and motion were denied.

## III.   Bird's Claims

Mr. Bird alleges a Fifth Amendment violation[4] based upon the purported conflict of interest appointed counsel that occurred in conjunction with his 2011 prosecution in Dawson County. (Doc. 1 at 4, ¶ 13(A)). In support of his claim, Mr. Bird attaches a copy of the petition he filed with the Montana Supreme Court

---

[4] The Court presumes Mr. Bird intends to bring this claim under the Sixth Amendment, rather than the Fifth Amendment.

wherein he advanced a conflict of counsel claim premised upon *Cuyler v. Sullivan*, 446 U.S. 335 (1980).  See, Pet. (Doc. 1-2 at 1-2.)  Mr. Bird also asserts the State of Montana has unlawfully denied him medical parole.  (Doc. 1 at 5, ⁋ 13(B)).  Mr. Bird asks this Court to grant him medical parole or, alternatively, vacate his sentence and order his immediate release.  *Id.* at 7, ⁋ 16.

## IV.  Analysis

As explained herein, Mr. Bird's first claim fails for lack of merit and his second claim is unexhausted.  Because it plainly appears from the petition and the exhibits filed by Mr. Bird that he is not entitled to relief, this Court must dismiss the petition.  See, Rule 4 Governing Section 2254 Cases.

To the extent that Mr. Bird seeks to challenge the Dawson County judgment in Claim 1, the appropriate venue for such a challenge, pursuant to this Court's Local Rules, is the Billings Division. D. Mont. L.R. 1.2(c)(1), 3.2(b)(2)(A).  A challenge to the denial of parole conditions, such as Mr. Bird's Claim 2, is properly venued in the Helena Division.  Mont. L.R. 3.2(b)(2)(B).  But because this matter will be dismissed, in the interest of judicial economy, the Court declines to transfer venue to a different division.

### i.    Claim 1- Conflict of Interest

Mr. Bird explains that in 2009 he was represented by Olivia Norton Rieger on a charge of bad checks by common scheme.  Mr. Bird's suspended sentence

was eventually revoked and he was sent to Montana State Prison. He was later transferred to Glendive Regional Prison. While incarcerated at the Glendive Regional Prison, Mr. Bird was charged with criminal distribution of dangerous drugs with intent to distribute by accountability, transferring an illegal article by accountability, and transferring an illegal article by accountability. By that point in time, Ms. Rieger had become the Dawson County Attorney. See e.g., (Doc. 1 at 4, ¶ 13(A)); see also, (Doc. 1-2 at 1); *Bird v. Salmonsen*, WL 1991872, at *1. Mr. Bird apparently believes a conflict occurred when he was prosecuted by Dawson County for the 2011 drug-related offenses, by virtue of Ms. Rieger's position as the County Attorney. See, (Doc. 1-2 at 1.)

On its face this claim appears to be untimely. Federal habeas actions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. The AEDPA establishes a one-year limitation period for the filing of habeas petitions. § 2244(d); see also, *Pliler v. Ford*, 542 U.S. 225, 230 (2004). The limitation period generally begins to run when the state conviction and sentence becomes final by the expiration or conclusion of appellate review. § 2244(d)(1)(A). As observed by the Montana Supreme Court, Mr. Bird attempts to challenge events that occurred over a decade ago. While the Court is not finding Mr. Bird should be excused from his untimely filing, it is more efficient to proceed to the merits of this claim. See, *Lambrix v.*

6

*Singletary,* 520 U.S. 518, 525 (1997); 28 U.S.C. § 2254(b)(1)(A); 28 U.S.C. § 2244(d)(1).

The Sixth Amendment's right to conflict-free counsel is violated only if the conflict "adversely affected" trial counsel's performance. *Alberni v. McDaniel,* 458 F.3d 860, 870 (9th Cir.2006). "[A]n actual conflict of interest mean[s] precisely a conflict that affected counsel's performance—as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor,* 535 U.S. 162, 171 (2002) (citation omitted). A conflict of interest can arise when counsel represents multiple defendants whose interests are hostile to one another. In order to establish a violation of the Sixth Amendment, a petitioner "who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *See Cuyler v. Sullivan,* 446 U.S. 335, 348 (1980) (footnote omitted); *accord Mickens,* 535 U.S. at 171; *Paradis v. Arave,* 130 F.3d 385, 391 (9th Cir.1997); *United States v. Del Muro,* 87 F.3d 1078, 1080 (9th Cir.1996). An "actual conflict" is not separate from an "adverse effect;" rather, it is defined as one which adversely affects the lawyer's performance. *Earp v. Ornoski,* 431 F.3d 1158, 1183 (9th Cir.2005) (quoting *Mickens,* 535 U.S. at 172 n. 5).

An "actual conflict of interest" only occurs when counsel "actively represented conflicting interests." *Strickland,* 466 U.S. at 692. A theoretical or potential conflict is insufficient to constitute actual conflict; instead counsel must

7

have actively represented conflicting interests. *Cuyler,* 446 U.S. at 350 (holding that "the possibility of conflict is insufficient to impugn a criminal conviction"); *Bragg v. Galaza,* 242 F.3d 1082, 1087 (9th Cir.2001), *amended,* 253 F.3d 1150 (9th Cir.2001); *Morris v. California,* 966 F.2d 448, 455 (9th Cir.1991). A petitioner must prove an actual conflict through a factual showing in the record. *Bragg,* 242 F.3d at 1087; *Morris,* 966 F.2d at 455.

Mr. Bird's conflict claim fails because the Supreme Court has not extended the Sixth Amendment conflict of interest jurisprudence beyond conflicts involving multiple concurrent representations. *Mickens*, 535 U.S. at 162 (stressing that Rule 44(c) of the Federal Rules of Criminal Procedure "treat[s] concurrent representation and prior representation differently, requiring a trial court to inquire into the likelihood of conflict whenever jointly charged defendants are represented by a single attorney…but not when counsel previously represented another defendant in a substantially related matter, even where the trial court is aware of the prior representation.")  Mr. Bird does not allege his 2011 defense counsel engaged in multiple representation, rather he claims his prior defense attorney, Ms. Rieger, became the Dawson County Attorney and that he was prosecuted by her office, and presumably by extension Ms. Rieger herself, in an unrelated matter. This situation does not fall within the scope of the Sixth Amendment protections outlined above.  Moreover, Mr. Bird and his subsequent attorney certainly were

aware of this situation. There is no indication in the record before this Court that they raised any objection regarding a potential conflict with the trial court. To the contrary, Mr. Bird acknowledges he entered a guilty plea to the 2011 charges. Finally, as observed by the Montana Supreme Court, Ms. Rieger did not prosecute Mr. Bird in conjunction with 2011 charges, a deputy county attorney did. In any case, Mr. Bird does not assert an "actual conflict" as required to prove Sixth Amendment prejudice. This claim will be denied.

### ii.   Medical Parole

Mr. Bird alleges that he has been diagnosed with Chron's disease and has been given six months to live.[5] Accordingly, he believes he meets the criteria for medical parole under state law. (Doc. 1 at 5, ⁋ 13(B)). Mr. Bird explains he and his wife have done everything possible to attain medical parole, to no avail. *Id.* Mr. Bird does not indicate what federal constitutional provision he believes to have been violated, rather he urges this Court to grant him medical parole. *Id.* at 5, 7.

As a preliminary matter, Mr. Bird is advised that federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state entities. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9ᵗʰ Cir.

---

[5] A letter from the Montana State Prison Infirmary Assistant Director of Nursing refutes Mr. Bird's claim that he has six months to live and outlines his ongoing medical treatment at Montana State Prison, including Mr. Bird's refusal to attend several medical appointments and treatments. See, Pierson Ltr. (Doc. 1-2 at 16.)

1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Further, the federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. See, 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Thus, Mr. Bird's claim, as pled, is not cognizable in federal habeas, because he appears to assert a violation of state law. That is, he believes the State of Montana is not complying with its own medical parole standards. But even assuming Mr. Bird could state a cognizable federal claim, he has a procedural hurdle to contend with first.

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal

10

system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has never considered the medical parole claim Mr. Bird attempts to advance. Mr. Bird asserts he presented the claim to the Montana Supreme Court in his state habeas petition and it was denied on procedural grounds. See, (Doc. 1 at 5-6.) In reality, Mr. Bird did not present this as a stand alone claim, rather in the relief requested Mr. Bird made passing reference to his medical issues stating,

11

> "Petitioner is also on a [Colostomy] Bag and in serious health needs, if
> nothing else This Honorable Court remand the Petitioner back to District
> Court with instructions to issue a conditional writ of Habeas Corpus
> releasing petitioner from state custody…"

See, Pet. (Doc. 1-2 at 2.)

The Montana Supreme Court denied Mr. Bird's habeas petition on May 18,

2021. It appears Mr. Bird began his inquiry into seeking medical parole on May

25, 2021. See, OSR, (Doc. 1-2 at 6.) On June 10, 2021, Mr. Bird submitted a

letter to Roxanne Wigert requesting medical parole. See, Wigert Ltr. (Doc. 1-2 at

11-13.) On June 15, 2021, the Board of Pardons and Parole informed Mr. Bird of

the process he needed to follow in order to seek medical parole. See, Newman Ltr.

(Doc. 1-2 at 14.) Mr. Bird submitted his application for medical parole. On July

10, 2021, the application was denied because the Medical Director determined Mr.

Bird did not meet the requisite medical criteria. See, Notice (Doc. 7 at 19.) Mr.

Bird was advised of the denial on July 15, 2021. See, OSR (Doc. 7 at 22.)

Accordingly the Montana Supreme Court could not have considered Mr. Bird's

claim regarding the denial of medical parole because the denial did not happen

until nearly two months after the Court denied Mr. Bird's habeas petition.

Before Mr. Bird can file the claim in this Court, he must give the state courts

one full opportunity to review his constitutional claim. *O'Sullivan*, 526 U.S. at

845. Because Mr. Bird has not yet exhausted his available state court remedies

12

relative to the medical parole issue, this Court cannot review the claim.  *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal will be **without prejudice**, allowing Mr. Bird to return to this Court if and when he fully exhausts the claim.

### iii.    Conclusion

Mr. Bird's petition will be dismissed in its entirety.  Claim 1 is denied for lack of merit and dismissed with prejudice.  Claim 2 is unexhausted and dismissed without prejudice.

### V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

In regard to his conflict-of-interest claim, Mr. Bird has not made a substantial showing that he was deprived of a federal constitutional right. Further, his medical parole claim is unexhausted. Reasonable jurists would find no basis to debate this Court's procedural ruling. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Mr. Bird's motion for leave to proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Mr. Bird's Petition (Doc. 1) is DISMISSED.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 26th day of January, 2022.

07:30 A.M.

Donald W. Molloy
United States District Court Judge

14